UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTELL GOSZTYLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEI GU, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00610-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT GU FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF No. 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　Chantell Gosztyla ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 23, 2022. (ECF No. 1).

　　On September 8, 2022, the Court screened Plaintiff's complaint. (ECF No. 10). The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; b. Notify the Court in writing that she does not want to file an amended complaint and instead wants to

1

proceed only on her Eighth Amendment claim against defendant Gu for deliberate indifference to her serious medical needs; or c. Notify the Court in writing that she wants to stand on her complaint." (Id. at 9-10).  On October 13, 2022, Plaintiff filed a First Amended Complaint, which is now before this Court for screening.  (ECF No. 11).

The Court has reviewed the First Amended Complaint.  Plaintiff alleges that she suffers from subluxation of the fourth lateral rib and chronic pain, but she is not receiving treatment.

For the reasons described below, will recommend that this action proceed on Plaintiff's Eighth Amendment claim against defendant Gu, in his individual and official capacity, for deliberate indifference to Plaintiff's serious medical needs.  The Court will also recommend that all other claims and defendants be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### II.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges as follows:

In 2019, Plaintiff began the process of requesting medical services for her subluxation of the fourth lateral rib. After turning in many Health Care Services Request Forms, Plaintiff finally saw her primary care provider, defendant Dr. Wei Gu. Defendant Gu told Plaintiff that he had never heard of an "unstable rib." Defendant Gu also refused to review Plaintiff's full medical history to see that she did have a subluxation of the fourth right lateral rib due to a January 2008 car accident. These records would have also shown defendant Gu that Chiropractic Manipulative Therapy was what Plaintiff had been receiving and what was needed to alleviate the chronic pain and to reestablish rib placement so that physical therapy would be successful in stabilizing the rib. This is known as joint manipulation to reestablish segmental and global joint motion.

In November of 2020, defendant Gu ordered x-rays of Plaintiff's rib. The x-rays were taken on November 16, 2020. According to California Department of Corrections and Rehabilitation ("CDCR") medical records, the x-rays showed Plaintiff did not have a rib fracture. This was true because Plaintiff suffers from a subluxation of the fourth right lateral rib.

At this point in time, defendant Gu continued to refuse to provide medical treatment for Plaintiff's subluxation of the fourth right lateral rib and continued to refuse to review Plaintiff's

full medical history.

When Plaintiff filed a grievance, defendant Ralph Diaz was secretary of the CDCR and ultimately in charge of all CDCR staff and policies. Chiropractic services were not offered or available to inmates per Title 15. However, the only way to properly treat Plaintiff's subluxation of the fourth lateral rib is by Chiropractic Manipulative Therapy, which is done by a licensed chiropractor. This policy shows deliberate indifference to Plaintiff's serious medical need.

Defendant Kathleen Allison is the current secretary of the CDCR, and licensed chiropractor services are still not offered or available to inmates per Title 15.

### III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

     A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

     Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

     For instance, a supervisor may be liable for his or her "own culpable action or inaction

in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a

6

physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that she suffers from subluxation of the fourth lateral rib, as well as chronic pain. She saw defendant Gu in 2019, but he refused to provide treatment and refused to review Plaintiff's medical history to confirm her diagnoses. The medical records would have shown that Plaintiff has a subluxation of the fourth right lateral rib due to a January 2008 car accident. The records would have also shown that Chiropractic Manipulative Therapy was what Plaintiff had been receiving and what was needed to alleviate the chronic pain and to reestablish rib placement so that physical therapy would be successful in stabilizing the rib. In November of 2020 defendant Gu ordered an x-ray, and the x-ray showed no rib fracture, but Plaintiff never complained of a rib fracture. Defendant Gu also continued to refuse to provide treatment and continued to refuse to review Plaintiff's full medical history.

Given Plaintiff's allegations that her medical records confirm her diagnoses and the treatment she had been receiving, that defendant Gu has refused to review relevant medical records,[1] and that defendant Gu refused to provide treatment, the Court finds that Plaintiff's Eighth Amendment claim against defendant Gu for deliberate indifference to Plaintiff's serious

---

[1] Circumstantial evidence, such as evidence of obviousness, can be used to show subjective knowledge. Farmer, 511 U.S. at 842-43 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, cf. Hall 118 (cautioning against 'confusing a mental state with the proof of its existence'), and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. Cf. LaFave & Scott § 3.7, p. 335 ('[I]f the risk is obvious, so that a reasonable man would realize it, we might well infer that [the defendant] did in fact realize it; but the inference cannot be conclusive, for we know that people are not always conscious of what reasonable people would be conscious of'). For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.' Brief for Respondents 22.") (alterations in original) (footnote omitted).

medical needs should proceed past screening. Additionally, while Plaintiff does not specify the capacity in which defendant Gu is being sued, Plaintiff asks for prospective injunctive relief and monetary relief. (ECF No. 9). Thus, the Court will allow the claim to proceed against defendant Gu in both his individual and official capacity.

The Court also finds that Plaintiff fails to state a claim against defendants Diaz and Allison. Plaintiff brings claims against them based on their position as Secretary of the CDCR (defendant Diaz was the former Secretary of the CDCR and defendant Allison is the current Secretary). However, as discussed above, there is no *respondeat superior* liability in section 1983 actions. While Plaintiff alleges that they are responsible for personnel and for policy, and that she did not receive necessary treatment because of a policy, these allegations are conclusory.

Plaintiff alleges that, pursuant to Title 15, chiropractic services are not available to inmates. However, Plaintiff does not cite to, quote, or summarize any provision of Title 15 that states that chiropractic services are not available to inmates. Moreover, there are no allegations, such as anything defendant Gu said or did, suggesting that defendant Gu failed to provide Plaintiff with treatment because of CDCR policy. In fact, Plaintiff appears to allege that it was defendant Gu's refusal to review her medical records that caused the failure.

Based on the foregoing, the Court finds that only Plaintiff's Eighth Amendment claim against defendant Gu in his individual and official capacity for deliberate indifference to Plaintiff's serious medical needs should proceed past screening.

### IV. CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court has screened the First Amended Complaint and finds that this action should proceed on the following claim: Plaintiff's Eighth Amendment claim against defendant Gu, in his individual and official capacity, for deliberate indifference to Plaintiff's serious medical needs. The Court also finds that all other claims and defendants should be dismissed.

The Court will not recommend that further leave to amend be granted. In the Court's prior screening order, the Court identified deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend her

complaint. Plaintiff filed her First Amended Complaint with the benefit of the Court's screening order, but she failed to cure the deficiencies identified in the screening order. Thus, it appears that further leave to amend would be futile.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This case proceed on Plaintiff's Eighth Amendment claim against defendant Gu, in his individual and official capacity, for deliberate indifference to Plaintiff's serious medical needs; and
2. All other claims and defendants be dismissed for failure to state a claim.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __**February 8, 2023**__                    /s/ Erica P. Grosjean
                                                                              UNITED STATES MAGISTRATE JUDGE