UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTELL GOSZTYLA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WEI GU,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00610-ADA-EPG (PC)<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO FILE A SCHEDULING AND DISCOVERY STATEMENT AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 20). |

　　　　Chantell Gosztyla ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's Eighth Amendment claim against Defendant Gu for deliberate indifference to Plaintiff's serious medical needs. (ECF Nos. 11, 12, & 13).

　　　　On August 25, 2023, Plaintiff filed a motion for an extension of time and for the appointment of counsel. (ECF No. 20). Plaintiff requests an additional sixty days to file a scheduling and discovery statement because she is not well-versed in the law and requires additional time to "conduct research, order documents for discovery, and learn civil law and codes." (ECF No. 20, p. 2). Plaintiff also alleges that the law library at her institution is

1

inadequate, and that she only is able to access the law library two to four hours a week. For those same reasons, Plaintiff also requests the appointment of counsel. Plaintiff's motion includes as exhibits numerous grievances regarding the law library and her access to the law library.

The Court will grant Plaintiff a **thirty-day** extension of time to file a scheduling and discovery statement. The Court's order requiring scheduling and discovery statements from the parties seeks basic information that Plaintiff should answer to the best of her abilities. Once the Court receives scheduling and discovery statements from both parties, the Court will issue a scheduling order that will provide information regarding the applicable Federal Rules of Civil Procedure, including information about the forms of discovery Plaintiff may seek, how and when Plaintiff may file certain objections, and how and when Plaintiff may file motions to quash or compel discovery. The scheduling order will also contain information about certain dispositive motions. The Court will also issue a discovery order that will require the parties to exchange certain documents central to the dispute.

For those reasons, the Court finds that granting Plaintiff an additional thirty days to file a scheduling and discovery statement will be sufficient. Again, Plaintiff's scheduling and discovery statement should provide, to the best of her ability, the following:

> i. A brief summary of the parties' claims and/or defenses.
>
> ii. The name and, if known, the address and telephone number of each witness, besides expert witnesses, the party may call at trial.
>
> iii. A description by category and location of all documents the party may use at trial.
>
> iv. Whether any third parties, other than Plaintiff's institution of confinement, are likely to have relevant documents.
>
> v. Whether the party intends to use expert witnesses.
>
> vi. If a settlement conference has not occurred, when the party will be prepared to participate in a settlement conference.

(ECF No. 18, pp. 1-2). Plaintiff does not need to include any documents or legal citations in the statement.

As for Plaintiff's request for the appointment of pro bono counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court

cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of her claims. Moreover, while Plaintiff states that she has limited legal knowledge, it appears that Plaintiff can adequately articulate her claims.

Plaintiff is advised that she is not precluded from renewing her motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

Further, Plaintiff's request for an extension of time to file a scheduling and discovery statement is GRANTED, in part, as follows: Plaintiff shall have an additional thirty days to file a scheduling and discovery statement and shall file her statement by no later than October 11, 2023.

IT IS SO ORDERED.

Dated:   **August 29, 2023**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE