UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTELL GOSZTYLA,<br><br> Plaintiff,<br><br> v.<br><br>WEI GU,<br><br> Defendant. | Case No. 1:22-cv-00610-NODJ-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO EXCHANGE DOCUMENTS AND DENYING REQUESTS FOR COUNSEL AND EXPERT WITHOUT PREJUDICE<br><br>ORDER FOR DEFENDANT TO RESPOND WITHIN 14 DAYS<br><br>(ECF No. 29) |

 Chantell Gosztyla is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 17, 2023, the Court issued two orders, one setting a schedule in this case through filing of the dispositive motions (ECF No. 27) (hereinafter, "Scheduling Order"), the other requiring parties to exchange certain documents within sixty days (ECF No. 26) (hereinafter, "Discovery Order"). Plaintiff now requests additional 60 days to respond to the Court's orders and asks the Court for counsel and experts to assist her. (ECF No. 29).

1

For the following reasons, the Court grants Plaintiff's motion for extension in part, denies requests for counsel and experts without prejudice, and orders Defendant to respond within fourteen days.

I. **EXTENSION OF TIME**

The Plaintiff states in her motion that the Court ordered parties to exchange documents within 30 days. (ECF No. 29 at 1). However, the Discovery Order requires the parties to exchange documents in *sixty* days, not thirty. (ECF No. 26 at 2) ("Each party has sixty days from the date of service of this order . . ."). With the order issued on November 17, 2023, the 60-day deadline to exchange documents would have been January 16, 2024.

However, given Plaintiff's difficulties with access to legal resources, intervening holidays and corresponding closures and limited staff availability, and potential mail delays, the Court grants in part Plaintiff's request for extension of time and will allow for additional thirty days to exchange the documents, until **February 15, 2024.**

The Court notes, however, that this deadline applies only to documents that parties currently "have in their possession, custody, or control." (ECF No. 26 at 2). If Plaintiff currently does not have the documents in her possession and receives them later, per the terms of the Discovery Order, she has thirty days to produce them from the day she receives them. The Discovery Order specifies that "If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days." (ECF No. 26 at 3). In other words, for documents such as third-party chiropractor medical records, if Plaintiff does not already have them in her possession, Plaintiff does not need to produce them by February 15, 2024. If she receives documents falling under the order in the future, Plaintiff will then have thirty days from the day she received them to produce them to opposing counsel.

II. **MEDICAL RECORDS**

Plaintiff's motion and exhibits detail difficulties obtaining her own medical records from California Department of Corrections and Rehabilitation (CDCR) and California Correctional Health Care Services. The Court ordered parties to exchange "[a]ll of Plaintiff's

1  medical records related to the incident(s) and/or condition(s) at issue in the case, including
2  those held by Central California Women's Facility and California Correctional Health Care
3  Services" and ordered defense counsel "to obtain these documents from Plaintiff's institution(s)
4  of confinement" (ECF No. 26 at 2 & n.1), which is Central California Women's Facility.
5  In addition, the Court ordered that if "Defendants already have Bray Chiropractic records in
6  their possession, these records must be produced along with other medical records of the
7  Plaintiff." *Id.*

8  To the extent Plaintiff provides this information to explain her delay in providing the
9  documents, the Court again states that Plaintiff does not need to provide such documents to
10 opposing counsel unless and until she receives them. Moreover, the Discovery Order
11 specifically states that "Plaintiff does not have to produce information contained in her central
12 file (C-file) to the Defendant." (ECF No. 26 at 3). Rather, the Court requested that defense
13 counsel to "obtain these documents from Plaintiff's institution(s) of confinement. If defense
14 counsel is unable to do so, defense counsel should inform Plaintiff that a third-party subpoena
15 is required." (ECF No. 26, at p. 2).

16 That said, the Court is concerned with what appears to be the institution's refusal to
17 provide Plaintiff's medical records to her for this case. The Court cannot determine if those
18 records are relevant to the case, including falling within the Court's order, and/or whether the
19 institution had a valid objection to such production.

20 Nevertheless, to better understand Plaintiff's difficulties in obtaining these documents
21 and potential need for further action to obtain such documents, the Court will require
22 Defendants to respond within 14 days indicating whether they have obtained Plaintiff's medical
23 records from Plaintiff's institution of confinement as ordered by the Court and whether they
24 have or intend to provide those records to Plaintiff.

25 **III.    REQUEST FOR COUNSEL**

26 As to Plaintiff's requests for pro bono counsel, Plaintiff does not have a constitutional
27 right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.
28 1997), *withdrawn in part on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot

require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of the complaint and Plaintiff's filings, the Court finds that Plaintiff appears to have a sufficient grasp of her claims and the legal issues involved and that she can articulate those claims adequately. The legal issues involved are not extremely complex and it is too early in the case to determine Plaintiff's likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time. Routine discovery matters do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances in which the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery, this is not the test).

Accordingly, the Court will deny Plaintiff's request for counsel without prejudice.

**IV.   REQUEST FOR EXPERT**

Finally, Plaintiff appears to ask for additional time to secure witnesses or expert witnesses. (ECF No. 29 at 1–2). Plaintiff is not required to secure either by the February 15, 2024 deadline. The Court has not set deadlines for expert discovery. The Court's Scheduling Order set a schedule through August of 2024 for *non*-expert discovery, with August 16, 2024 deadline for filing dispositive motions. (ECF No. 27 at 5). Only after those motions are decided and if the case is still proceeding, "the Court will set expert disclosure deadlines, a pretrial conference, pretrial deadlines, and a trial date." (*Id.* at 6).

To the extent Plaintiff's motion can be construed as a request for the Court to appoint Plaintiff an expert for her, the Court will deny her motion without prejudice for the reasons stated below.

**A. Legal Standards**

Pursuant to Fed. R. Evid. 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." The Court has discretion to appoint a neutral expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Students of California Sch. for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985). In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . ." Fed. R. Evid. 706(a); *see also Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).

Where a party has filed a motion for appointment of a neutral expert witness pursuant to Rule 706, the court must provide a reasoned explanation of its ruling on the motion. *See Gorton v. Todd*, 793 F. Supp. 2d. 1171, 1178–79 (E.D. Cal. 2011). An expert witness may be appropriate if the evidence consists of complex scientific evidence. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub. nom.*, *Helling v. McKinney*, 502 U.S. 903 (1991). However, "expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case . . . [T]here also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." *Id.* at 1181. The determination to appoint a neutral expert rests solely in the court's discretion. *See McKinney*, 924 F.2d at 1511; *see also Sanders v. York*, 446 F, App'x 40, 43 (9th Cir. 2011).

**B. Analysis**

First, to the extent that Plaintiff seeks appointment of an expert witness for her benefit, the Court has no authority to grant her such relief. As stated above, Rule 706(a) of the Federal Rules of Evidence permits the Court to appoint only neutral expert witnesses. *Honig*, 736 F.2d at 549.

1    Furthermore, "28 U.S.C. § 1915, does not authorize the court to appoint an expert for
2 plaintiff's benefit to be paid by the court." *Gorton*, 793 F. Supp. 2d at 1184 n.11. Thus, if the
3 Court were able to appoint an expert witness in this action, the expert would be appointed to
4 assist the Court, and not to testify on behalf of Plaintiff or respond to defenses brought by
5 Defendant.

6    Second, to the extent that Plaintiff seeks appointment of a neutral expert witness, her
7 motion is premature. A neutral expert witness may be necessary where there is "some evidence,
8 admissible or otherwise, that demonstrates a serious dispute that could be resolved or
9 understood through expert testimony." *Gorton*, 793 F. Supp. 2d at 1181. No such evidence has
10 been filed in this action. At this time, there are no pending matters on which the Court may
11 require special assistance, such as to resolve a motion for summary judgment.

12    Furthermore, at least at this stage of the proceeding, Plaintiff's claim of deliberate
13 indifference to serious medical need does not appear so complex as to require an expert witness
14 to present or prove the case. *See, e.g.*, *Noble v. Adams*, No. 1:03-CV-05407-AWI-SMS (PC),
15 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint
16 medical expert witness in section 1983 action because "the issues are not so complex as to
17 require the testimony of an expert"); *Lopez v. Scribner*, 2008 WL 551177, at *1 (E.D. Cal. Feb.
18 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action
19 because "the legal issues involved in this action are not particularly complex."); *Hooker v.
20 Adams*, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the
21 appointment of an expert witness denied as "the legal issues involved in this action are not
22 particularly complex.").

23    At this time, Plaintiff's motion for the appointment of an expert witness is denied.

24 **V.   CONCLUSIONS AND ORDER**

25    Accordingly, IT IS ORDERED that:

26    1. Plaintiff's motion for extension of time (ECF No. 29) is granted in part.
27       The deadline for parties to exchange documents set by the Discovery Order
28       (ECF No. 26) is extended to **February 15, 2024.**

2. Plaintiff's request for appointment of counsel and expert (ECF No. 29) is DENIED without prejudice.
3. Defendant is ordered to respond to this Order within 14 days.

IT IS SO ORDERED.

Dated:  **December 15, 2023**                  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE