UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTELL GOSZTYLA,<br><br>    Plaintiff,<br><br>  v.<br><br>WEI GU,<br><br>    Defendant. | Case No. 1:22-cv-00610-NODJ-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE<br><br>(ECF No. 34) |

Chantell Gosztyla is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion to Compel, asking the Court to "order CCWF[1] to promptly produce Plaintiff's C-file[2] to the Plaintiff." (ECF No. 34). Plaintiff states that this motion is necessary because she "must view her c-file in order to fulfill part a, b, and c of November 17th, 2023's Court order." (*Id.*)

Because Plaintiff does not have a court obligation to view her c-file and because Defendants have agreed to provide Plaintiff with the medical documents in her c-file by February 15, 2024, the Court will deny Plaintiff's motion.

On November 17, 2023, the Court issued two orders, one setting a schedule in this case through filing of the dispositive motions (ECF No. 27) (hereinafter, "Scheduling Order"), the

---

[1] Central California Women Facility.
[2] Central file.

other requiring parties to exchange certain documents within sixty days (ECF No. 26) (hereinafter, "Discovery Order"). Categories of documents listed in parts a, b, and c of the Discovery Order include the following:

> a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals office.
> b. Witness statements, reports, and other evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).
> c. All of Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, including those held by Central California Women's Facility and California Correctional Health Care Services.

(ECF No. 26 at 2).

Plaintiff then requested additional 60 days to respond to the Court's orders, stating in relevant part that she was having difficulties accessing her medical records. (ECF No. 29). The Court granted Plaintiff's motion for extension in part, allowing parties until February 15, 2024 to exchange the documents listed in the Discovery Order. (ECF No. 30 at 2). The Court also ordered Defendant "to respond within 14 days indicating whether they have obtained Plaintiff's medical records from Plaintiff's institution of confinement as ordered by the Court and whether they have or intend to provide those records to Plaintiff." (ECF No. 30 at 3).

In response, counsel for Defendant filed a declaration stating that counsel they communicated to Plaintiff that they "will be producing all medical records and relevant, non-privileged institutional documents set forth in the Court's November 17, 2023 order. Based on this representation and the Court's November 17 order, I intend to produce the entirety of Plaintiff's medical records in Defendant's possession, custody or control by February 15, 2024—the new deadline to exchange documents." (ECF No. 31 at 2). Accordingly, the Court issued a minute order (ECF No. 32), holding that it would take no further action on Plaintiff's motion (ECF No. 29).

Although Plaintiff appears to be having difficulties obtaining her central file, the Court will deny the motion because Defendants have already agreed to provide Plaintiff with documents in that file that are relevant to the case, including Plaintiff's medical records.

As Plaintiff has been repeatedly informed, Plaintiff is not required to produce documents that are outside of her "possession, custody, or control." (ECF No. 26 at 2; ECF No. 30 at 2). Plaintiff has also been repeatedly informed that she does not have to produce the information contained in her central file to the Defendant. (ECF No. 26 at 3; ECF No. 30 at 3; ECF No. 31 at 2). Plaintiff does not need the documents she lists in her motion to "fulfill" the Court's Discovery Order.

Thus, the Court will deny Plaintiff's motion to compel at this time. However, after Plaintiff receives documents from Defendant, which are due by February 15, 2024, if Plaintiff still believes she needs access to her c-file, Plaintiff may file another motion requesting access to specific documents from her c-file. Plaintiff should describe what documents she believes she needs and whether Defendant have already provided those documents to her.

Accordingly, IT IS ORDERED that Plaintiff's motion to compel (ECF No. 34) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **February 7, 2024**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE